Argued and submitted September 22, 1993, affirmed May 25, petition for review denied August 2, 1994 (319 Or 572)

# Greg STROMBECK,
### *Petitioner,*

### *v.*

# SECRETARY OF STATE
## of the State of Oregon,
### *Respondent.*

## (CA A77028)

874 P2d 1366

Michael Mills filed the brief for petitioner.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Petitioner seeks review of an order of the Secretary of State requiring him to reimburse approximately $8,000 to the state because of his failure to properly account for his use of state property and for claimed expenses while he was an employee of the Building Codes Agency. We affirm.

Petitioner was an employee of the Building Codes Agency from June, 1989, to March, 1990. During that time, he was asked by the Audits Division of the Secretary of State for an accounting of his use of a state vehicle and a cellular phone assigned to him, as well as for certain travel and subsistence expense claims made by him. The Division disallowed some of the expenditures and advised petitioner that it would seek reimbursement.

In December, 1991, petitioner was served with a notice from the Secretary of State advising him that he was entitled to a contested case hearing on the matter. A hearing was held before a hearings officer on March 10, 11, 13 and 23, 1992. Petitioner was represented by counsel at the hearing. Petitioner's counsel moved to dismiss the proceeding on the ground that the Secretary of State lacked authority to conduct the hearing. The hearings officer denied the motion and, after the completion of the hearing, issued an order which then was adopted by the Secretary of State. The hearings officer found that petitioner had failed to adequately account for 10,000 miles that he drove his state vehicle, misused the state cellular phone and failed to establish a legitimate business purpose for certain travel and subsistence expenditures. Petitioner was ordered to reimburse approximately $8,000 to the state.

Petitioner does not contest the facts found in the Secretary of State's order. However, he makes numerous legal arguments challenging the order. His first argument is that the Secretary of State does not have authority to conduct a contested case hearing. Petitioner contends that the Administrative Procedures Act (APA), which governs the conduct of contested hearings, is not applicable, because the Secretary of State is not an "agency" that is subject to the APA. We disagree. The term "agency" is defined in the APA as

"any state board, commission, department or division thereof, or officer authorized by law to make rules or issue

orders, except those in the legislative and judicial branches."
ORS 183.310(1).

The Secretary of State is a state officer, and the statutes governing the office recognize the applicability of the APA. For example, ORS 297.505 provides that the Secretary of State has the authority to adopt rules "subject to ORS 183.310 to 183.550."

■ Relying on ORS 183.310(2)(a)(A), petitioner also argues that, even if the Secretary of State is an "agency" for purposes of the APA, the agency lacks authority to conduct a hearing, because there is no statute or constitutional provision requiring a hearing on this type of matter. However, as the state points out, ORS 183.310(2)(a)(D) provides that a contested case includes a proceeding when an agency provides by rule or order for a hearing "substantially of the character" required by the APA. Here, the Secretary of State did provide by order for a contested case type hearing and, therefore, under ORS 183.310(2)(a)(D), he had authority to conduct the hearing.

■ Petitioner next argues that, even if the Secretary of State does have general authority to conduct contested case hearings, that is not the proper procedure to collect funds due to the State of Oregon; rather, the agency must collect the funds through judicial proceedings. Petitioner may be correct that if enforcement of the Secretary of State's order is necessary, that enforcement must be through the judicial system. However, the ability to investigate and determine the amount due to the state is clearly within the Secretary of State's authority. ORS 293.260(1), for example, provides:

"Except as otherwise specifically provided by law, the Secretary of State shall require all persons who have received any moneys or property belonging to the state and who have not accounted therefor to settle their accounts and to return the moneys or property to the state."

The Secretary of State has the authority to conduct a contested case hearing to determine the amount, if any, that a person owes the state.

Petitioner's second assignment of error is that the hearings officer erred in ruling that the Building Codes Agency was not a necessary party to the hearing. Petitioner,

however, cites no authority for this contention and we find none. A "party" is defined in the APA to include an agency that is entitled "as of right" to a hearing or any agency named by the agency conducting the hearing to be a party. No one contends that the Building Codes Agency is entitled to a hearing "as of right" in this matter, nor was the agency named as a party. Petitioner argues that the Building Codes Agency should have been a party so that its representatives could discuss possible waivers of agency policies or other matters that could exonerate petitioner. However, the fact that the Building Codes Agency was not a party did not prevent petitioner from calling agency representatives as witnesses for that purpose.

As part of his assignment of error that the Building Codes Agency was a necessary party, petitioner argues that "the Secretary of State, through its audit procedures, has improperly interpreted the rules and regulations of the Building Codes Agency." However, petitioner points to no rules or policies of the Building Codes Agency that were applicable in this case. Nor does he explain how the procedures used by the Secretary of State conflict with any standards or procedures of the Building Codes Agency. Petitioner's real complaint here appears to be that the Secretary of State applied his own auditing procedures to the investigation of a Building Codes Agency employee. Petitioner asserts that the auditor used his own personal standards and procedures and that "the Secretary of State does not have authority to impose auditor standards on a state agency or its employees."

However, as discussed above, the Secretary of State has the authority to investigate and obtain reimbursement from all state employees for misuse of state property, regardless of the specific agency by which they are employed. In order to carry out that function, the Secretary of State has the authority to adopt auditing procedures that apply to audits of state employees in general. The Secretary of State's rules provide:

> "To ensure a high standard of professionalism, audits conducted by the Secretary of State are made in accordance with generally accepted auditing standards as promulgated by the American Institute of Certified Public Accountants,

and the Standards of the Audit of Governmental Organizations, Programs and Activities prescribed by the comptroller General of the United States." OAR 162-01-010(2).

The auditor in this case testified that the auditing procedures that he used were from a state manual governing audits and that these procedures were consistent with auditing standards of the American Institute of Certified Public Accountants. We conclude that the Secretary of State did not improperly impose auditing standards on the Building Codes Agency and that the hearings officer did not err in refusing to make the Building Codes Agency a necessary party to this proceeding.

■ Petitioner also argues that the hearings officer erred in "finding that the Secretary of State did not have to plead and prove a personal benefit to the petitioner as a precondition to bringing their [sic] claims." However, he points to no authority for this requirement, and we can find none. ORS 293.260(1) authorizes the Secretary of State to require persons "who have received any moneys or property belonging to the state and who have not accounted therefor to settle their accounts and to return the moneys on property to the state." The hearings officer was correct that personal benefit is not a prerequisite to a determination that a person who has not properly accounted for state money received must reimburse the state.

■ Petitioner also assigns error to the hearings officer's denial of his motion to dismiss on the basis that "the penalties set out in ORS for violation of certain provisions of the law supersede this action by the Secretary of State." However, in the absence of statutory language to the contrary, the fact that there may be other penalties for petitioner's conduct, such as criminal sanctions or penalties for ethical violations, does not preclude the Secretary of State from seeking reimbursement from a state employee for misuse of state property. *Cf. Secretary of State v. Hanover Ins. Co.*, 242 Or 541, 411 P2d 89 (1966) (Secretary of State has audit function notwithstanding potential criminal liability).

Petitioner's remaining assignments of error do not require discussion.

Affirmed.